## (May 21, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY WAYNE WILLIAMSON, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered January 28, 1980, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree. During the evening of June 23, 1979, defendant was stopped by New York State Trooper Guiry for driving 55 miles an hour in a 40-mile-an-hour zone. As the trooper approached defendant's vehicle, he noticed defendant rocking back and forth in an apparent attempt to change his clothes. After questioning him about the speeding violation, Trooper Guiry ran a license and special file check on defendant which disclosed that a Bench warrant for his arrest for possession of stolen property had been issued by the Albany Police Court. At that point, he radioed for a backup unit and shortly thereafter Trooper Tuffey arrived. Defendant was then ordered out of his car, placed under arrest, searched and handcuffed. The body search produced nothing incriminating. It was observed that defendant's left hand was bleeding between the thumb and index finger. The officers also noticed a pair of trousers on top of the front seat of the vehicle. After placing defendant in a patrol car, Trooper Guiry returned to defendant's vehicle and picked up the trousers. As he did so, he was struck in the finger with a short object which came through the right pants pocket. A search of the pockets yielded a

hypodermic needle and syringe. Defendant's car was towed to the police barracks in Loudonville where it was locked in the police garage by Trooper Tuffey. When defendant was turned over to a sergeant at the barracks, Trooper Tuffey returned to the garage to make a search of the impounded vehicle and found heroin stuffed in the crack in back of the front seat. By order entered December 13, 1979, the trial court denied defendant's motion to suppress the physical evidence thus seized. Defendant subsequently entered a plea of guilty and was sentenced to an indeterminate term of imprisonment of 0 to 7 years. This appeal ensued. Since defendant had already been placed under arrest, handcuffed and put in the patrol car when the trousers were retrieved and searched, that search was not incidental to a lawful arrest. Contemporaneous searches incidental to an arrest are justified where there is a "need to seize weapons and other things which might be used to assault an officer to effect an escape, as well as by the need to prevent the destruction of evidence of the crime — things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control" *(Preston v United States,* 376 US 364, 367). Once handcuffed and placed in the patrol car, there was no danger that defendant could have used any weapons or destroyed any evidence. *(People v Belton,* 50 NY2d 447.)* Nor was the subsequent search of the vehicle, conducted at the police barracks, incidental to a lawful arrest *(People v Lewis,* 26 NY2d 547). By then the vehicle was locked in the police garage and was in the exclusive control of the police. There was no real danger that it or its contents would be removed. And though defendant's rocking back and forth in an apparent effort to change clothing while in the car might have been uncommon conduct, it was not necessarily related to the possession of drugs or weapons. In any event, it was not sufficiently suspect to justify forming the belief, if indeed the officers did, that the vehicle contained contraband or the fruits of some crime. There being no showing of exigent circumstances, there is no reason why a warrant could not have been obtained prior to the search of defendant's car *(Coolidge v New Hampshire,* 403 US 443). We recognize that inventory searches of vehicles taken into custody by the police are sanctioned warrantless searches. But it must clearly appear that the motivation for the inspection is to inventory the vehicle and not to secure evidence, and the burden of demonstrating this is on the People *(People v Martin,* 48 AD2d 213). That burden was not met here. Trooper Tuffey testified on direct examination that he conducted a *search* of defendant's vehicle which he apparently abandoned upon discovering the incriminating packets. While at the conclusion of the suppression hearing, when questioned by the court, he characterized his activity as an inventory search, it is noteworthy that when he searched the vehicle he did not even have the standard inventory form with him and he never filled one out. Judgment reversed, on the law and the facts, motion to suppress physical evidence granted, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.