■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD INNIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered October 5, 1981, convicting him of attempted robbery in the first degree (three counts), attempted assault in the

first degree, criminal use of a firearm in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was accused by Kings County indictment number 371/1981 of committing the crimes of attempted robbery in the first degree (three counts), attempted assault in the first degree, criminal use of a firearm in the second degree (two counts), and criminal possession of a weapon in the second degree. The charges stemmed from a dispute between defendant, who was a passenger in a taxicab, and Henry Max, the driver, concerning defendant's refusal to pay the full amount of the fare. Defendant was alleged to have shot at Max with a handgun. Prior to trial, defendant moved for a ruling on the permissible scope of cross-examination should he decide to testify (see *People v Sandoval,* 34 NY2d 371). After reviewing defendant's criminal history, the court ruled that if the defendant testified, the prosecutor would be precluded from inquiring into two 1972 matters which were dismissed, a 1972 plea to disorderly conduct, resisting arrest, and harassment, and a 1974 charge resulting in an adjournment in contemplation of dismissal. The court also ruled that the prosecutor would be permitted to inquire into a 1976 misdemeanor conviction for possession of a weapon. Decision was reserved as to two other 1973 arrests, one for criminal possession of stolen property and criminal mischief, and the other for attempted murder and related offenses, because of confusion surrounding their dispositions, although the court noted that defendant's arrest record indicated a disposition involving an attempted B felony as to the latter offenses. Additional information was necessary to enable the court to make a reasoned determination on this aspect of the *Sandoval* motion. In the course of the trial, defendant testified in his own behalf without first seeking clarification of the court's ruling pertaining to the matters held in abeyance. Immediately preceding cross-examination, in response to the prosecutor's inquiry, the court reviewed its earlier decision and concluded that "[t]he defense has seen fit to put the man on the stand without these rulings." The court added that "[y]ou in effect have waived your right to a ruling on those issues". Counsel protested the court's ruling and later objected to the questions asked by the prosecutor on cross-examination pertaining to the afore-mentioned matters. In *People v Sandoval* (34 NY2d 371, 374-375, *supra*), the Court of Appeals wrote: "The nature and extent of cross-examination have always been subject to the sound discretion of the Trial Judge * * * We now hold that in exercise of that discretion a Trial Judge may * * * make an advance ruling as to the use by the prosecutor of prior convictions * * * for the purpose of impeaching a defendant's credibility * * * In most cases * * * but not necessarily in all cases, a pretrial motion will be preferable * * * Thereby, the defendant with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether to take the witness stand. Revelation of the impeachment testimony and announcement of the trial court's ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure." The law, however, does not require that the application be made pretrial. As we noted in *People v Ortero* (75 AD2d 168, 175), the defendant "retains the right * * * to object *at trial* to prejudicial cross-examination, and when his objection challenges inquiry into his prior misconduct, he is entitled to a ruling based upon the same criteria as would have been applied had the issue been raised before trial." In the case at bar, defendant's pretrial application included the two matters which he claims on appeal were improper subjects of cross-examination (cf. *People v Ortero, supra*). We are convinced on the basis of the record before us that the court's ruling played no part in the defendant's decision to testify (see *People v Sandoval, supra,* p 375). The fact is that the defendant took the stand and testified in his own behalf without

requesting a ruling as to that part of the application upon which the court had reserved its decision. Obviously, had defendant's decision been to any extent dependent upon the court's ruling, he would have requested a determination before he testified (see *People v Ocasio,* 47 NY2d 55; cf. *People v Davis,* 44 NY2d 269, 276). We have considered defendant's remaining contentions and we conclude that no error was committed. Moreover, in the context of this case, had error been committed it would have been harmless (see *People v Shields,* 58 AD2d 94, affd 46 NY2d 764). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.