■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. PRICE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 26, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

On June 16, 1985 at about 4:00 A.M., a Town of Colonie Police officer received a telephone call from a resident of Roberts Drive of "suspicious activity" taking place in that neighborhood. It was reported that two males of undetermined age, one about 5 feet 10 inches tall and weighing 150 pounds, wearing dark clothes, and the other described only as having light hair, "were going through vehicles", including the vehicle of the caller. The officer proceeded to the scene and, after speaking with the complainant personally at this residence, checked around the neighborhood. While speaking with some occupants of an uninvolved parked van, the officer noticed a vehicle driving back and forth very slowly. The officer put on the red lights of this patrol car but no siren, pulled behind the vehicle and slowly followed it down the street. The vehicle driver, later identified as defendant, turned into a dead-end street. Defendant suddenly abandoned the vehicle and fled on foot through nearby woods in the direction of Route 5. Noticing that defendant fit the description given of one of the men by the caller, the officer radioed for another patrol car to check the area.

Five or 10 minutes later the second unit radioed that they had two men in custody who fit the officer's description. The first officer went to Route 5 and identified defendant as the man who fled from him moments before. Defendant and a codefendant were arrested for attempted larceny based on the attempt to enter the vehicles as reported. The second unit immediately transported them to the Colonie Police Station. The first officer returned to the car left on the dead-end street and radioed for a tow truck. The officer proceeded to search the car and to inventory its contents before the tow truck arrived. A number of articles were discovered during this search and were later found to have been stolen from the neighbors. A registration check revealed that defendant was not the registered owner of the vehicle. Based on the foregoing facts adduced at the suppression hearing, County Court denied defendant's motion to suppress and defendant pleaded guilty on October 29, 1985 to the first count of the indictment in full satisfaction thereof, which had also charged grand larceny in the third degree and criminal possession of stolen property in

the second degree. He was sentenced to 2½ to 5 years in prison as a second felony offender.

On this appeal, defendant chiefly contends that his suppression motion was erroneously denied. Initially, it is to be pointed out that County Court asked counsel for defendant if defendant had standing to bring the motion and that the burden of showing standing was on defendant. Defense counsel requested an opportunity to produce witnesses to show defendant's standing. The court failed to rule on this request and denied the motion on the merits, finding that defendant's arrest was on probable cause and that the seizure was proper pursuant to probable cause and pursuant to an inventory search. It appears from the testimony of the first officer that the on-the-scene pretowing inventory was conducted pursuant to department rules and regulations so that the contents of the vehicle could be established before it was surrendered to the towing service. The inventory search was thus for a legitimate administrative purpose and not a pretextual search for evidence (see, People v Gonzalez, 62 NY2d 386; People v Williamson, 81 AD2d 963).

Defendant had suspiciously driven the vehicle back and forth slowly in the neighborhood where the crime had been reported by the complainant. Defendant, who answered the description given by the complainant, abandoned the vehicle he was driving and fled into the woods leaving the vehicle unattended. This action permitted the officer to call for the towing service. Police department rules and regulations mandate that any vehicle required to be towed be inventoried before its surrender to the towing service. Clearly, in the circumstances, triggered by defendant's flight, the inventory search had a legitimate administrative purpose and was justified (cf., People v Williamson, supra, at 964). The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.