■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HINKLEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 30, 1986, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and bail jumping in the second degree.

The primary issue asserted by defendant on this appeal is that the seizure of the weapon which he ultimately pleaded guilty to illegally possessing was made as a result of an unconstitutional search of his vehicle. On March 31, 1986, a suppression hearing was held and extensive testimony was taken in attempting to establish, *inter alia,* whether the inventory search of defendant's vehicle was done for legitimate administrative purposes or was a pretextual search for evidence *(see, Colorado v Bertine,* 479 US —, 107 S Ct 738; *People v Gonzalez,* 62 NY2d 386; *People v Williamson,* 81 AD2d 963). At the close of that day's hearing, a colloquy between County Court and counsel indicated that the court was not yet convinced that the evidence should be suppressed. Significantly, however, the court did not rule on the motion and, indeed, the court indicated that further information and arguments would be considered. The next activities contained in the record occur on April 2, 1986 and pertain to defendant's failure to appear for the trial which apparently was scheduled to commence on that date. This is followed in the record by defendant's guilty plea on May 27, 1986.

Although both parties to this appeal seem to assume that the suppression motion was going to be (or actually was) denied, we cannot find a dispositive ruling on this issue by County Court in the record *(see,* CPL 710.60 [6]). Nor would it

be appropriate for this court to speculate and then rule on a matter not contained in the record. The importance of this void in the record cannot be overlooked or regarded as a technical error (see, CPL 470.05). If County Court did not rule on the motion prior to defendant's guilty plea, then the suppression issue is not properly before this court for review. However, since the briefs of both parties at least implicitly reveal a belief that the motion was resolved, we deem it appropriate under these circumstances to withhold decision on the suppression issue. The matter should be remitted to County Court for a determination on the record as to whether that court ruled on the suppression motion and, if so, how the court resolved the motion.

Decision withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.