■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE D. CODNER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 7, 1985, convicting him of murder in the second degree (three counts), robbery in the first degree (three counts), and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony of the defendant's accomplice Clement Hunter which implicated the defendant in the murder of Daniel Thomas, the robbery of Thomas and others of his family members, and the burglary of his home, was sufficiently corroborated by the testimony of several other of the People's witnesses to permit the jury to conclude that the accomplice was telling the truth *(see,* CPL 60.22; *People v Glasper,* 52 NY2d 970, 971; *People v Hudson,* 51 NY2d 233, 238; *People v Paduano,* 125 AD2d 715, 717, *lv denied* 70 NY2d 652). Viewing the evidence in the light most favorable to the People, it was legally sufficient to establish the defendant's guilt of the crimes charged *(see, People v Giuliano,* 65 NY2d 766, 768). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The hearing court erred in failing to suppress People's exhibit 10, a photograph of the defendant holding a gun which fired the type of ammunition used in the Thomas murder and robbery, as the warrantless search performed by the police upon the car in which the defendant was captured was neither an inventory search *(see, South Dakota v Opperman,* 428

US 364; *People v Gonzalez,* 62 NY2d 386, 388) nor a search incident to arrest, and the police had no reason to believe that the search would produce fruits or evidence of a crime which was in danger of being destroyed *(see also, People v Clark,* 45 NY2d 432, 438, *rearg denied* 45 NY2d 839). However, any error in failing to suppress exhibit 10 was harmless beyond a reasonable doubt as the evidence supplied by the witnesses placing the defendant in the Thomas home and as a participant in the crime was overwhelming *(see, People v Crimmins,* 36 NY2d 230, 236).

Under the circumstances of this case, the use by the prosecutor of the defendant's nickname was not improper *(see, People v Lopez,* 113 AD2d 475, 478, *lv denied* 67 NY2d 946).

As the defendant took the witness stand without having received the *Sandoval* ruling he had previously requested concerning the prosecutor's desire to question him on his illegal entry into this country, there was no error in the prosecutor's cross-examination of the defendant on this matter *(see, People v Innis,* 98 AD2d 808).

The defendant was afforded meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v De Quaro,* 121 AD2d 559, 560), and his sentence was not improper *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843).

We have considered the issue raised by the defendant *pro se* and find it to be without merit *(see, People v Valenza,* 60 NY2d 363, 371; *People v Iannone,* 45 NY2d 589, 600). Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.