■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARKER D. FIELDS, III, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered August 7, 1986, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

Defendant and his brother were indicted for assault in the first degree and criminal possession of a weapon in the third degree in connection with the stabbing of Clarence Allen on September 8, 1985 at the Stevensville Hotel in Sullivan County, where the victim worked as a chef. At the trial, the victim testified that defendant and his brother arrived at staff quarters at the hotel and demanded money from him. The victim denied that he owed them money and told them that he would not have any money until he was paid later in the day. As he began to walk away from the two men, he was restrained by defendant's brother and then defendant pulled out a knife and held it to his throat. There was a struggle over the knife during which the victim was cut and then kicked and beaten. He was also stabbed by defendant while he attempted to escape. Two other hotel employees witnessed various parts of the assault. Although neither observed the actual stabbing, they described seeing defendant threatening the victim while holding the knife, saying "I want my money". Defendant testified in his own behalf that earlier that day his brother asked him to accompany him for a ride in the brother's truck, without telling him of their destination. When they arrived at the hotel, his brother got out and encountered the victim at the hotel staff quarters. Defendant stayed by the truck. When he observed that his brother and the victim had gotten into a violent argument, he went to them to break it up. There was a scuffle in which the victim pulled out a knife and defendant wrested it away from him, getting cut in the process. He and his brother left the scene in the truck without knowing if the victim had been wounded, and he was later informed of that fact. The jury returned a verdict finding defendant and his brother guilty of assault in the second degree and criminal possession of a weapon in the third degree.

In defendant's first point on appeal, he contends that reversible error was committed by County Court in permitting the prosecution to cross-examine him on the fact that the money he and his brother were seeking from the victim represented a debt for their prior sale of drugs to him. Defendant argues that this violated the holding of *People v Sandoval* (34 NY2d 371) that rulings on the extent of cross-examination as to prior convictions and "bad acts" should be made in advance of trial, so that an accused may know of the permissible scope of impeachment before deciding whether to testify. The drug-related nature of the alleged debt was not included within defendant's pretrial *Sandoval* motion. Defendant, however, raised it in what his counsel termed a motion *in limine* immediately before jury selection. In response, the prosecution agreed not to delve into this aspect on its direct case, but reserved the right to bring it out on cross-examination of defendant. County Court declined to rule on the issue until defendant took the witness stand. Without further pursuing a ruling on the motion, defendant elected to testify in his own defense. Following defendant's direct testimony, the court determined that the prosecution would be permitted to inquire whether the debt arose out of the sale of illegal drugs to the victim by defendant and his brother. Even if defendant's motion were to be viewed as a belated amendment to his *Sandoval* application, rather than an attempt to keep reference to the prior underlying drug transaction out of the trial altogether, we do not find that the absence of an advance ruling is a basis for reversal. Defendant took the stand without further requesting that the court first rule on the motion which it had previously left in abeyance. Therefore, defendant cannot now effectively contend that his election to testify was dependent upon an advance ruling and that he was prejudiced by the absence thereof *(see, People v Innis,* 98 AD2d 808, 809-810).

Moreover, County Court committed no error in permitting the prosecution to confront defendant with the fact that the purpose of his seeking out the victim was to collect payment for a sale of drugs. As previously described, defendant in his direct testimony asserted his innocence essentially on the bases of accident, self-defense or lack of motive or intent. That being so, the prosecution, under *People v Molineux* (168 NY 264), had the right to rebut these defenses by probative evidence of intent, motive and nonaccident, i.e., that a person, owed money for an illegal sale of drugs and being unable to collect the debt by ordinary legitimate means, is more likely

to use physical coercion for the purposes of collection *(see, People v Winslow,* 51 AD2d 824, 825; *see also, United States v Pelaes,* 790 F2d 254, 258, *cert denied* 479 US 842, 107 S Ct 151; *United States v Pedroza,* 750 F2d 187, 200-201, *cert denied sub nom. Osorno v United States,* 479 US 842; *United States v Tramunti,* 513 F2d 1087, 1118, *cert denied* 423 US 832; *People v Ciervo,* 123 AD2d 393, 396). In our view, the highly probative nature of this rebuttal evidence clearly outweighed its scant potential prejudice to show defendant's general criminal disposition to commit assaults, thus justifying admissibility *(see, People v Allweiss,* 48 NY2d 40, 46-47).

Defendant's remaining points are even less persuasive. The evidence was amply sufficient to support the guilty verdict, and the sentence imposed was well within the discretion of County Court.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.