■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BLASICH, Appellant.

From the hearing record, it is clear that the arresting officer approached the defendant's car with the knowledge that the defendant had failed to pay a parking fee. The failure to pay was a crime, namely, theft of services, and supplied probable cause for an arrest *(see, People v Saglimbeni,* 95 AD2d 141, *appeal dismissed* 62 NY2d 798; Penal Law § 165.15 [5]) which justified the detention and transportation of the defendant to the police building *(see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106). Contrary to the defendant's contention, the failure to pay the parking fee was not a mere traffic violation which would have limited the officer's subsequent rights to search the vehicle *(cf., People v Adams,* 32 NY2d 451; *People v Marsh,* 20 NY2d 98).

Moreover, the subsequent search of the defendant's automobile was justified as an inventory search. The government has a justifiable interest in protecting an individual's property while it remains in police custody, to protect the police from false claims for missing property and to protect the police from potential danger *(see, People v Gonzalez,* 62 NY2d 386). This interest extends to closed containers within the automobile, such as the bag within which the weapon, incendiary device and cocaine which were found and seized. These items were properly admitted at trial as evidence of the defendant's guilt *(see, People v Gonzalez, supra).*

The defendant's contention that he was denied a fair trial by admission of evidence of uncharged crimes is equally without merit. "Any prejudice to the defendant which might have arisen due to the brief mention of uncharged criminal activity which was made at defendant's trial was alleviated when the court sustained defendant's objections and took

prompt curative action" *(People v Santiago,* 52 NY2d 865, 866).

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.