■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO GALLEGO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Connell, J.), rendered July 18, 1986, convicting him of criminal possession of a controlled substance in the third degree (two counts) and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the evening of September 2, 1985, at about 8:00 P.M., Police Officers Richard Michels and Robert Shaw were approached by Marilyn Lloyd, who told them that she had been assaulted with a pipe by her boyfriend, the defendant. Lloyd had bruises on her face and arms. The two officers searched the area for some 30 to 45 minutes but were unable to find the defendant. When they returned to the police booth where Lloyd was waiting, she told them that she did not want the defendant arrested. Approximately two hours later, Officers Michels and Shaw received a radio assignment to investigate a "disturbance" at a location only three blocks away from the police booth where they had interviewed Marilyn Lloyd. The "disturbance" had been reported by an anonymous 911 caller.

Upon arriving at the location, the police officers observed the defendant, seated behind the wheel of a parked 1976 Buick. Lloyd was seated next to him on the passenger side. She was screaming and yelling and the defendant was "moving and flailing" his arms, and it looked as if the two were having an altercation. Michels and Shaw approached the car from opposite sides, and Michels, who was on the driver's side of the car, opened the door and asked the defendant to step out. As the defendant exited the car, Officer Michels took him by the arm in order to pat him down for weapons. At this point, the defendant turned and swung with both fists at Michels' head, but Michels avoided the blow and arrested the defendant for attempted assault.

After placing the defendant under arrest, the two officers impounded and made an inventory search of his car. In a closed cigarette box in the glove compartment, Officer Shaw found 18 tinfoil packets of cocaine and two Ziploc plastic bags of marihuana. He also found a bottle labeled "Inosytol" containing a white powdery substance, which was later identified as being a compound used for "cutting" cocaine. Officer Michels opened the trunk of the car and found a suitcase, men's clothing, shoes and boots. The defendant and the car were then taken to the police precinct where, during a second search of the trunk of the car, Officer Shaw found $949 cash in various denominations underneath the spare tire.

We find, contrary to the defendant's contention, that the officers' decision to impound the vehicle upon his arrest was reasonable and that the subsequent search thereof was en-

tirely proper. Clearly the two police officers had probable cause to arrest the defendant. Having arrested the defendant on a public street, the officers were thereafter entitled to impound the vehicle *(see, People v Butler,* 44 AD2d 423, 429, *affd* 36 NY2d 990). The law is well settled that the police may search an impounded vehicle to inventory its contents for the purposes, *inter alia,* of protecting the individual's property and protecting the police from false claims for missing property *(see, South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386; *People v Blasich,* 140 AD2d 361, *affd* 73 NY2d 673). The search may lawfully extend to closed containers such as the cigarette box containing cocaine which was found in the glove compartment of the defendant's vehicle *(see, People v Gonzalez, supra).* Accordingly, the recovered evidence was lawfully seized and properly admitted at trial.

We also find that the trial court properly admitted into evidence the $949 found under the spare tire in the trunk of the defendant's vehicle as being relevant to the charge of possession of cocaine with the intent to sell under the second count of the indictment *(see, People v Wells,* 144 AD2d 400; *People v Jones,* 138 AD2d 405). Finally, the trial court did not err in allowing a qualified police expert to testify that the recovered cocaine had been packaged in a manner commonly used for selling the drug *(see, People v Jones, supra).* Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.