OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
The defendant, indicted, inter alla, on charges of criminal possession of a controlled substance in the fifth degree, has moved for an order suppressing physical evidence seized from his person, after his arrest, while being treated at a hospital.
A Mapp hearing was conducted before this court on July 26, 1991. The People called as their sole witness New York City *1008 Hospital Police Officer Donnie Stevens. Based on his uncontroverted testimony which is given full credence by the court, the court makes the following findings of fact and reaches the following conclusions of law:
FINDINGS OF FACT
On February 4, 1991, New York City Hospital Police Officer Donnie Stevens was assigned to Elmhurst General Hospital, Queens County. At approximately 5:20 p.m., he was directed to witness the vouchering of an emergency room (E.R.) patient’s property by a "searcher from the admitting office”. Upon arriving at the E.R., Officer Stevens observed the defendant, lying unconscious and handcuffed to a stretcher, with Police Officer Stewart, 115th Precinct, guarding him (he had earlier been arrested for assaulting two other officers). A number of the staff doctors were treating him. His clothes were piled up at the foot of the stretcher. The civilian aide, Ms. Sesequana, searched the defendant’s pants pockets and discovered a foil package of white powder. She gave the packet to Officer Stevens who, in turn, passed it on to Officer Stewart.
CONCLUSIONS OF LAW
The search of the defendant’s pants by the civilian aide was made in accordance with established hospital procedure regarding the inventory of admitted patients’ property and not an investigative search conducted as an agent of the police, to discover evidence of a crime (see, South Dakota v Opperman, 428 US 364). Constitutionality is established upon proof that a search is reasonable (People v Gonzalez, 62 NY2d 386 [1984]).
The court finds that it is entirely reasonable for the hospital to assign its employees the task of searching patients’ personal property upon their admittance to the facility. This is especially necessary when the patients are unable physically to participate in an inventory, due to their physical condition. The hospital should be able to protect itself and its employees, as a bailor to guard property and also for security reasons with regard to dangerous or contraband articles. It is logical that upon discovery of the foil package of white powder, at bar, the civilian aide should turn it over to the hospital police officer. His memorialization of the incident and surrender of the same to the police follows proper hospital procedure. Accordingly, the entire procedure was necessary, reasonable *1009 and lacking any violation of the defendant’s rights to due process.
Finally, there is no evidence that the role played in the search by Officer Stevens was anything more than that of a witness.
Based on the foregoing the motion to suppress the physical evidence is denied.