■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED WALKER, Appellant. [701 NYS2d 555] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and two counts of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2], [3]). Defendant and his girlfriend were wrestling on top of their cars when the police arrived at the scene. The front tires of defendant's car had been slashed by the girlfriend, and the windows of the girlfriend's car had been broken by defendant. Each was arrested for damaging the other's car, and both cars were impounded. The girlfriend's car was illegally double parked; defendant's car was legally parked at the curb of a residential street approximately 30 yards from defendant's temporary residence. The evidence forming the basis for the charges was discovered in defendant's vehicle after an inventory search.

We reject defendant's contention that the inventory search was unconstitutional and unreasonable. Contrary to defendant's contention, the police were not required to explore alternatives to impoundment (*see, Colorado v Bertine,* 479 US 367, 373-374). Where, as here, the inventory search is conducted according to standard departmental procedure that conforms to constitutional dictates concerning reasonableness, the search will be upheld (*see, People v Galak,* 80 NY2d 715, 718-719; *People v Gonzalez,* 62 NY2d 386, 389-390). "The law is well settled that the police may search an impounded vehicle to inventory its contents for the purposes, *inter alia,* of protecting the individual's property and protecting the police from false claims for missing property" (*People v Gallego,* 155 AD2d 687, 689, *lv denied* 75 NY2d 919). "Having arrested the defen-

dant on a public street, the officers were thereafter entitled to impound the vehicle" (*People v Gallego, supra,* at 689, citing *People v Butler,* 44 AD2d 423, 429, *affd* 36 NY2d 990). Defendant's further contention that the search was invalid because the inventory report did not list each item in the car is without merit (*see, People v Salazar,* 225 AD2d 804, 805, *lv denied* 88 NY2d 969). (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.