■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENALDO JACKSON, Appellant. [719 NYS2d 87] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., at hearing; Brenda Soloff, J., at plea and sentence), rendered April 28, 1998, convicting defendant of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 3 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's claim that the People failed to establish that the search of the car was in accordance with standard inventory procedures is unpreserved (*People v Dickens*, 218 AD2d 584, *affd* 88 NY2d 1031), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence established the reasonableness of the police action (*People v Gonzalez*, 62 NY2d 386). Defendant, who was properly stopped for a traffic violation, was seen making a lunging movement towards the floor of the front passenger area of the car just as he was pulled over. The police were entitled to impound and inventory the car because defendant had neither a driver's license nor registration papers for the car and therefore could not drive it. The officer testified that, in accordance with standard police procedure, defendant was to be transported to the precinct, while the vehicle was to be "secured" and its contents determined. Under the circumstances, the police were justified in conducting a limited search of the area where he was seen lunging prior to making a more complete inventory search at the precinct (*People v Dickens, supra*). There is no basis in the record to conclude that the search was made in bad faith or that the officers conducted an indiscriminate search of the car without regard to the underlying objectives of an inventory search (*compare, People v Galak*, 80 NY2d 715). Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.