■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS REDDEN, Appellant. [810 NYS2d 761]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 29, 2001. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts), criminal possession of marihuana and two traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4], [5]), defendant contends that County Court erred in refusing to suppress the gun seized from his vehicle. Two police officers observed defendant driving a substantially damaged vehicle in reverse and in the wrong direction on a one-way street and, after defendant parked the vehicle, the officers approached defendant and asked to see his driver's license. Defendant told the officers that he did not have a driver's license, and he was then asked to exit the vehicle. Upon exiting the vehicle, defendant fled. The officers called for backup and pursued defendant, who was found in the attic of a nearby house.

Defendant was taken into custody and, because his vehicle was going to be impounded, one of the officers conducted an inventory search of the vehicle. A loaded and operable .45 caliber semi-automatic weapon was found on the floor behind the passenger seat.

In seeking suppression of the gun, defendant contended that "the subject police officers had no objective, credible reason to stop the vehicle, nor to search the vehicle." At the conclusion of the suppression hearing, the court sua sponte noted its concern that inventory searches should be conducted in accordance with departmental regulations and procedures, and the court stated that it would accept legal memoranda from defendant and the

People on the subject. The only memorandum on that topic in the record on appeal was submitted by the People. In its bench decision denying defendant's suppression motion, the court noted that defendant had not challenged the legitimacy of the inventory search conducted by the police and thus the court would not address that issue.

Defendant now contends for the first time on appeal that the gun should have been suppressed because the police department lacked "a formal policy governing the procedures for conducting an inventory search or the procedure to be followed once an officer decides to impound a vehicle." Defendant also contends for the first time on appeal that the officers had an unacceptable level of discretion in impounding vehicles and in conducting inventory searches. Those contentions are not preserved for our review (*see People v Dickens*, 218 AD2d 584, 585 [1995], *affd* 88 NY2d 1031 [1996]; *People v Person*, 2 AD3d 1306 [2003], *lv denied* 3 NY3d 645 [2004]; *People v Jackson*, 279 AD2d 357, 358 [2001], *lv denied* 96 NY2d 863 [2001]; *People v Monahan*, 237 AD2d 623, 624 [1997], *lv denied* 89 NY2d 1097 [1997]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Indeed, had defendant raised those contentions as grounds for suppression, the People could have offered into evidence the "Manual of Procedure" or other policies and regulations governing the impounding of vehicles and inventorying of contents. Finally, we reject defendant's contention that the search of the vehicle was illegal because it was not supported by probable cause. Inventory searches do not require probable cause (*see People v Galak*, 80 NY2d 715, 719 [1993]).

Contrary to the further contentions of defendant, the evidence is legally sufficient to support his conviction of the two weapons counts based on the applicability of the automobile presumption (*see* Penal Law § 265.15 [3]; *People v Heizman*, 127 AD2d 609 [1987], *lv denied* 69 NY2d 950 [1987]; *see also People v Thomas*, 162 AD2d 822, 824 [1990]; *People v Dowdell*, 136 AD2d 757, 760 [1988]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the verdict on those counts is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

We conclude that the court properly denied defendant's motion to set aside the verdict (*see* CPL 330.30 [3]). The record establishes that the alleged newly discovered evidence "could have been produced at trial had the defendant exercised due diligence" (*People v Matthew*, 274 AD2d 485, 486 [2000]; *see People v Copeland*, 185 AD2d 280, 281 [1992], *lv dismissed* 80 NY2d 902 [1992]). We further conclude that the court properly

sentenced defendant as a persistent felony offender (*see* CPL 400.20; *People v Rivera*, 5 NY3d 61, 66-71 [2005], *cert denied* — US —, 126 S Ct 564 [2005]). The hearsay evidence concerning defendant's uncharged criminal conduct was properly considered by the court in determining defendant's status as a persistent felony offender inasmuch as "[m]atters pertaining to the defendant's history and character and the nature and circumstances of his criminal conduct may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence" (CPL 400.20 [5]; *see People v Sailor*, 65 NY2d 224, 235 [1985], *cert denied* 474 US 982 [1985]; *People v Yung*, 162 AD2d 874, 876 [1990], *lv denied* 76 NY2d 992 [1990]). Contrary to the contention of defendant, he has no Sixth Amendment right to confront witnesses with respect to his history and character (*see People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* — US —, 126 S Ct 564 [2005]).

Finally, the contention of defendant that he was denied effective assistance of counsel at sentencing is based on "information outside of the record and thus is not subject to review on direct appeal" (*People v Snitzel*, 270 AD2d 836, 837 [2000], *lv denied* 95 NY2d 804 [2000]; *see People v Swartz*, 23 AD3d 917 [2005]; *People v Bello*, 23 AD3d 152 [2005]). Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.