■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN O. COOPER, Appellant. [849 NYS2d 825]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered October 22, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject the contention of defendant that County Court erred in refusing to suppress evidence seized during an inventory search of his vehicle. The People met their burden of establishing that the inventory search was conducted pursuant to a standard procedure that was rationally designed to meet the objective justifying the search and that limited the officer's discretion (*see People v Cochran*, 22 AD3d 677 [2005], *lv denied* 6 NY3d 753 [2005]; *see generally People v Galak*, 80 NY2d 715, 719 [1993]; *People v Acevedo-Sanchez*, 212 AD2d 1023 [1995], *lv denied* 85 NY2d 935 [1995]). Defendant's remaining contentions with respect to the inventory search are not preserved for our review (*see People v Dickens*, 88 NY2d 1031, 1032-1033 [1996]; *People v Redden*, 27 AD3d 1173, 1174 [2006], *lv denied* 7 NY3d 793, 869 [2006]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two traffic offenses, and it must therefore be amended to reflect that defendant pleaded guilty to the count charging criminal possession of a controlled substance in satisfaction of the remaining two counts of the indictment (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.