■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE J. WILBURN, Appellant. [856 NYS2d 767]—

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, J.), rendered March 17, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). We reject the contention of defendant that County Court erred in refusing to suppress the physical evidence seized during an inventory search of his vehicle. The People presented evidence at the suppression hearing establishing that the police lawfully stopped defendant for a Vehicle and Traffic Law violation and, upon determining that he was an unlicensed driver and that the passenger in the vehicle also was unable to drive it, the police properly impounded the vehicle. Contrary to defendant's contention, the police were not required to explore alternatives to impoundment (*see People v Schwing*, 13 AD3d 725, 725-726 [2004]; *People v Walker*, 267 AD2d 994 [1999], *lv denied* 94 NY2d 953 [2000], citing *Colorado v Bertine*, 479 US 367, 373-374 [1987]). The police officer who conducted the inventory search upon impounding the vehicle followed the written procedures mandated by the City of Rochester Police Department (*see People v Galak*, 80 NY2d 715 [1993]; *People v Scott*, 210 AD2d 920, 921 [1994], *lv denied* 85 NY2d 942 [1995]), and the search was reasonable (*cf. Galak*, 80 NY2d at 718-721). Further, the inventory search was not rendered invalid by the officer's alleged failure to catalogue every item in the vehicle (*see People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]; *Walker*, 267 AD2d at 995).

The court properly denied the motion of defendant to sever his trial from that of his codefendant. Defendant's motion was untimely, and defendant failed to show good cause for bringing his motion 10 months after the indictment was filed (*see* CPL 255.20 [3]; *see generally People v Bornholdt*, 33 NY2d 75, 87-88 [1973], *cert denied* 416 US 905 [1974]). In any event, "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt," and there was no such showing by defendant in this case (*People v Mahboubian*, 74 NY2d 174, 184 [1989]; *cf. People v Cardwell*, 78 NY2d 996, 997-998 [1991]).

Finally, the verdict, based on the applicability of the automobile presumption (*see* Penal Law § 265.15 [3]; *People v Carter*, 34 AD3d 1342, 1343 [2006], *lv denied* 8 NY3d 844 [2007]), is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not un-

duly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.