Appeal from a judgment of the Supreme Court, Erie County (M. William Boiler, A.J.), rendered March 16, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant contends that all of the physical evidence seized by the po *1464 lice, as well as his statements to the police, should have been suppressed because they were obtained as the result of an improper stop of the vehicle in which he was riding. Defendant failed to raise that contention in his motion papers or before the suppression court, and thus it is not preserved for our review (see generally People v Fuentes, 52 AD3d 1297, 1298 [2008], lv denied 11 NY3d 736 [2008]; People v Ricks, 49 AD3d 1265, 1266 [2008], lv denied 10 NY3d 869 [2008], reconsideration denied 11 NY3d 740 [2008]). In any event, that contention is without merit inasmuch as “the testimony adduced at the suppression hearing established that the police officers’ traffic stop was supported by the requisite probable cause to believe that there had been a violation of Vehicle and Traffic Law § 375 (12-a) (b)” (People v Collins, 105 AD3d 1378, 1379 [2013], lv denied 21 NY3d 1003 [2013]; see People v Estrella, 48 AD3d 1283, 1285 [2008], affd 10 NY3d 945 [2008], cert denied 555 US 1032 [2008]).
Contrary to defendant’s further contention, Supreme Court did not err in refusing to suppress the physical evidence that the police investigator removed from defendant’s clenched buttocks after defendant informed the investigator that “he had some crack in his pants and he would take it out before we went to the holding center.” The court properly found that “defendant voluntarily consented to the search of . . . his person” (People v Herndon, 75 AD3d 1083, 1084 [2010], lv denied 15 NY3d 852 [2010]; see generally People v Meredith, 49 NY2d 1038, 1039 [1980]). In any event, the court also properly determined that the evidence was not seized as the result of either a body cavity search or a visual body cavity inspection. It is well settled that a “ ‘visual body cavity inspection’ . . . occurs when a police officer looks at the arrestee’s anal or genital cavities, usually by asking the arrestee to bend over; however, the officer does not touch the arrestee’s body cavity. In contrast, a ‘manual body cavity search’ includes some degree of touching or probing of a body cavity that causes a physical intrusion beyond the body’s surface” (People v Hall, 10 NY3d 303, 306-307 [2008], cert denied 555 US 938 [2008]). Here, to the contrary, the evidence establishes that the investigator initially saw the string that was at the end of the bag when defendant pulled back the waistband of his pants and exhibited the top of his buttocks. The investigator then, “without touching [defendant] or invading his anal cavity, retrieved a plastic bag protruding from his buttocks” (Matter of Demitrus B., 89 AD3d 1421, 1422 [2011]; see People v Butler, 105 AD3d 1408, 1409 [2013], lv denied 21 NY3d 1072 [2013]).
We have considered defendant’s remaining contentions and *1465 conclude that they do not warrant modification or reversal of the judgment.
Present — Scudder, EJ., Smith, Carni, Lindley and Whalen, JJ.