SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1206**
**KA 13-02201**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILSON J. TARDI, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 2, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and petit larceny (§ 155.25), defendant contends that County Court erred in refusing to suppress the evidence seized from his vehicle because his vehicle was towed for being illegally parked and the search thus was unconstitutional. Defendant failed to preserve that contention for our review "inasmuch as defendant failed to raise it either in his motion papers or before the suppression court" (*People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736; *see People v Facen*, 117 AD3d 1463, 1464, *lv denied* 23 NY3d 1020). In any event, that contention is without merit, as is defendant's contention that the court also erred in refusing to suppress the evidence seized during the search on the grounds that the Cheektowaga Police Department's written policy on inventory searches is unconstitutional and the police officers acted improperly when they impounded and towed his car.

The police officers arrested defendant for stealing property from a Target store. After the arrest, store security personnel informed the officers that they had observed defendant, who was known to them from prior thefts, drive the vehicle to the store, and that he was the sole occupant of the vehicle. In addition, store personnel indicated that they wanted the vehicle removed from the store's parking lot. The officers, acting in accordance with that indication and pursuant to a written Cheektowaga Police Department policy, impounded the

vehicle and performed an inventory search of its contents prior to towing it away.  A handgun was found in the vehicle during that search.

It is well settled that, "[w]hen the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith' " (*People v Walker*, 20 NY3d 122, 125, quoting *Colorado v Bertine*, 479 US 367, 374).  Thus, "[h]aving arrested the defendant [in] a public [parking lot], the officers were thereafter entitled to impound the vehicle" (*People v Gallego*, 155 AD2d 687, 689, *lv denied* 75 NY2d 919; *see People v Walker*, 267 AD2d 994, 994-995, *lv denied* 94 NY2d 953). Furthermore, "[i]t is settled law that the police may search an impounded vehicle to inventory its contents" (*People v Gonzalez*, 62 NY2d 386, 388).  "Such searches, conducted as routine procedures, are permitted to protect an owner's property while it remains in police custody, to protect the police against false claims for missing property and to protect the police from potential danger" (*id*. at 388-389).  Here, the police officers properly impounded the vehicle that defendant drove to the scene of the crime and performed an inventory search of that vehicle pursuant to a reasonable Cheektowaga Police Department procedure, during which they discovered the handgun. Consequently, the court properly refused to suppress the evidence seized during that inventory search.

We have considered defendant's remaining contentions regarding the search and conclude that they are without merit.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court