# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1273**

**KA 09-00951**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CORNELLIUS L. NESMITH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 30, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the police conducted an illegal inventory search of the vehicle and thus that Supreme Court erred in refusing to suppress the weapon found during that search. We reject defendant's contention. "Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle" pursuant to established police policy (*People v Johnson*, 1 NY3d 252, 255). Here, the People met their burden of establishing that the police followed the procedure set forth in the applicable order of the Rochester Police Department in conducting the inventory search (*see People v Wilburn*, 50 AD3d 1617, 1618, *lv denied* 11 NY3d 742; *People v Cooper*, 48 AD3d 1055, 1056, *lv denied* 10 NY3d 861). Also contrary to defendant's contention, the officers followed the standard procedure in the applicable order in impounding the vehicle upon determining that there was no one available who could legally drive it. We reject defendant's contention that the applicable order required the officers to locate the registered owner of the vehicle. Contrary to defendant's further contention, the record establishes that the police prepared a "meaningful inventory list" (*Johnson*, 1 NY3d at 256; *see Wilburn*, 50 AD3d at 1618). We have considered defendant's remaining

contention and conclude that it is without merit.

Entered: January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court