Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 30, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
*1326 Memorandum: On appeal from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the police conducted an illegal inventory search of the vehicle and thus that Supreme Court erred in refusing to suppress the weapon found during that search. We reject defendant’s contention. “Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle” pursuant to established police policy (People v Johnson, 1 NY3d 252, 255 [2003]). Here, the People met their burden of establishing that the police followed the procedure set forth in the applicable order of the Rochester Police Department in conducting the inventory search (see People v Wilburn, 50 AD3d 1617, 1618 [2008], lv denied 11 NY3d 742 [2008]; People v Cooper, 48 AD3d 1055, 1056 [2008], lv denied 10 NY3d 861 [2008]). Also contrary to defendant’s contention, the officers followed the standard procedure in the applicable order in impounding the vehicle upon determining that there was no one available who could legally drive it. We reject defendant’s contention that the applicable order required the officers to locate the registered owner of the vehicle. Contrary to defendant’s further contention, the record establishes that the police prepared a “meaningful inventory list” {Johnson, 1 NY3d at 256; see Wilburn, 50 AD3d at 1618). We have considered defendant’s remaining contention and conclude that it is without merit.
Present — Scudder, P.J., Centra, Fahey, Lindley and DeJoseph, JJ.