■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MENDEZ, Appellant. [659 NYS2d 618] —Judgment unani-

mously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress the physical evidence seized during a warrantless search of his vehicle. The police lawfully stopped defendant for violating Vehicle and Traffic Law § 1162 and determined that he was an unlicensed driver. Because the owner of the vehicle was not present, the police advised defendant that the vehicle would have to be impounded and searched. During that search, a gun was found under the seat of the vehicle. Because the police officer followed the written procedures mandated by the Syracuse Police Department for the impoundment and inventory search of vehicles, the search was reasonable (*see, People v Galak*, 80 NY2d 715; *People v Scott*, 210 AD2d 920, 921, *lv denied* 85 NY2d 942).

We likewise reject the contention of defendant that the court erred in admitting the gun into evidence because the People failed to establish a complete chain of custody. Where, as here, the trial testimony provides reasonable assurances that the gun taken from defendant's vehicle was the same item as that introduced at trial, "[d]eficiencies in the chain of custody of property go to the weight rather than the admissibility of that evidence" (*People v Caldwell*, 221 AD2d 972, 973, *lv denied* 87 NY2d 920). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.