■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY EDWARDS, Appellant. [860 NYS2d 708]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 20, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary to defendant's contention, County Court properly refused to suppress the gun seized during the warrantless search of the vehicle in which defendant was a passenger. We conclude that the police had a founded suspicion that criminal activity was afoot to justify approaching the parked vehicle in order to conduct a common-law inquiry (*see generally People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]). We further conclude that the police were justified in subsequently patting down the occupants of the vehicle and searching the vehicle for a weapon in order to protect their safety. The vehicle matched the description of a vehicle from which an identified citizen informant had observed shots being fired at a nearby location approximately 25 minutes before the police approached the vehicle. The officer who first approached the vehicle had his weapon drawn and directed the occupants to keep their hands in view. The officer testified at the suppression hearing that defendant "reach[ed] down towards the seat" as the officer approached the vehicle. Thus, the police had the requisite reasonable suspicion to believe that at least one of the occupants of the vehicle was armed prior to conducting the pat-down searches (*see People v Batista*, 88 NY2d 650, 654 [1996]). The subsequent search of the vehicle was also justified inasmuch as "the officers could reasonably have concluded that 'a weapon located within the vehicle present[ed] an actual and specific danger' to their safety" (*People v Carvey*, 89 NY2d 707, 712 [1997], quoting *People v Torres*, 74 NY2d 224, 231 n 4 [1989]; *see People v Mundo*, 99 NY2d 55, 58-59 [2002]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.