■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. DEMPSEY, Appellant. [917 NYS2d 769]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered September 19, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a

weapon in the third degree, illegal signal from parked position and no head lamps.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress the weapon that the police seized from his person. According great deference to the court's determination (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), we reject that contention. It is well settled that the police may lawfully stop a vehicle where, as here, they have "probable cause to believe that the driver of [the vehicle] has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349 [2001]). Contrary to defendant's contention, "[i]n making [a] determination of probable cause, neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (*Robinson*, 97 NY2d at 349). Furthermore, "out of a concern for safety, 'officers may . . . exercise their discretion to require a driver who commits a traffic violation [as well as the passengers in the vehicle] to exit the vehicle *even though they lack any particularized reason for believing the driver [or a passenger] possesses a weapon*' " (*People v Robinson*, 74 NY2d 773, 774 [1989], *cert denied* 493 US 966 [1989], quoting *New York v Class*, 475 US 106, 115 [1986]). Here, a handgun was recovered from a passenger in the vehicle and, "[t]hus, the police had the requisite reasonable suspicion to believe that at least one of the occupants of the vehicle was armed prior to conducting the pat-down search[ ]" of defendant (*People v Edwards*, 52 AD3d 1266, 1267 [2008], *lv denied* 11 NY3d 736 [2008]). Present—Scudder, P.J., Smith, Green, Pine and Gorski, JJ.