█ The People of the State of New York, Respondent, v Samuel Walker, Appellant. [930 NYS2d 389]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the weapon seized by the police from the vehicle driven by him, as well as his subsequent statements to the police, should have been suppressed because the basis for the traffic stop was pretextual and the vehicle was unlawfully impounded and searched. We reject those contentions. The police lawfully stopped the vehicle based on a traffic violation observed by one of the officers (*see People v Dempsey*, 79 AD3d 1776 [2010], *lv denied* 16 NY3d 830 [2011]; *see generally People v Robinson*, 97 NY2d 341, 349 [2001]). Supreme Court's "determination to credit the [officer's] testimony that the stop was based on a traffic violation is entitled to great deference" (*People v Frazier*, 52 AD3d 1317 [2008], *lv denied* 11 NY3d 788 [2008]). Upon determining that defendant's driver's license had been revoked and that the vehicle was owned by a third party who was not present at the scene, the police impounded the vehicle and performed a reasonable inventory search in accordance with written police procedure (*see People v Wilburn*, 50 AD3d 1617, 1618 [2008], *lv denied* 11 NY3d 742 [2008]; *People v Mendez*, 239 AD2d 945 [1997], *lv denied* 90 NY2d 895 [1997]). Contrary to defendant's further contention, the duration of the period of

postrelease supervision is not unduly harsh or severe. Present—Centra, J.P., Fahey, Sconiers, Green and Martoche, JJ.