# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1014
KA 11-00055
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SAMUEL WALKER, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M.
William Boller, A.J.), rendered January 4, 2011. The judgment
convicted defendant, upon his plea of guilty, of criminal possession
of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed and the matter is remitted to Supreme Court, Erie
County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon his
plea of guilty of criminal possession of a weapon in the second degree
(Penal Law § 265.03 [3]), defendant contends that the weapon seized by
the police from the vehicle driven by him, as well as his subsequent
statements to the police, should have been suppressed because the
basis for the traffic stop was pretextual and the vehicle was
unlawfully impounded and searched. We reject those contentions. The
police lawfully stopped the vehicle based on a traffic violation
observed by one of the officers (*see People v Dempsey*, 79 AD3d 1776,
*lv denied* 16 NY3d 830; *see generally People v Robinson*, 97 NY2d 341,
349). Supreme Court's "determination to credit the [officer's]
testimony that the stop was based on a traffic violation is entitled
to great deference" (*People v Frazier*, 52 AD3d 1317, *lv denied* 11 NY3d
788). Upon determining that defendant's driver's license had been
revoked and that the vehicle was owned by a third party who was not
present at the scene, the police impounded the vehicle and performed a
reasonable inventory search in accordance with written police
procedure (*see People v Wilburn*, 50 AD3d 1617, 1618, *lv denied* 11 NY3d
742; *People v Mendez*, 239 AD2d 945, *lv denied* 90 NY2d 895). Contrary
to defendant's further contention, the duration of the period of

postrelease supervision is not unduly harsh or severe.

Entered:  October 7, 2011

Patricia L. Morgan
Clerk of the Court