People v Hayden-Larson (2020 NY Slip Op 00791)





People v Hayden-larson


2020 NY Slip Op 00791


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1310 KA 18-00618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDERICK HAYDEN-LARSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 11, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, driving while ability impaired by drugs and improper turning or stopping. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]), criminal possession of a controlled substance in the fourth degree
(§ 220.09 [2]), and driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). On the day of his arrest, a police officer pulled defendant's vehicle over for failing to signal. Defendant had a passenger with him. After approaching the vehicle, the officer observed that defendant appeared to be under the influence of drugs and placed him under arrest. The passenger was also arrested. At a suppression hearing, the officer testified that, after she arrested defendant and seated him in her patrol vehicle, defendant indicated that he had diabetes medication in his vehicle. Defendant did not give the officer permission to retrieve the bag of medication from his vehicle or say that he needed it at that time, nor did he give her permission to open the bag. The officer testified that she retrieved the bag for defendant because defendant would be allowed access to certain medication in lockup; she did not intend to give the bag to defendant while he was in the patrol vehicle. The officer looked in the bag and found needles, "narcotics," and "some residue"—not diabetes medication. Defendant's vehicle was subsequently impounded pursuant to Buffalo Police Department (BPD) written policy. During the inventory search of the vehicle, the officers recovered, inter alia, methamphetamine.
We reject defendant's contention that Supreme Court erred in refusing to suppress the physical evidence recovered during the inventory search of his vehicle. "Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle" (People v Johnson, 1 NY3d 252, 255 [2003]). "[T]he inventory search itself must be conducted pursuant to an established procedure' that is related to the governmental interests it is intended to promote' and that provides appropriate safeguards against police abuse' " (People v Walker, 20 NY3d 122, 126 [2012], quoting People v Galak, 80 NY2d 715, 716 [1993]). In following that procedure, which must be standardized in order to limit officer discretion, the police must produce a "meaningful inventory list" (Johnson, 1 NY3d at 256). Here, the vehicle was legally impounded and inventoried inasmuch as both occupants, i.e., defendant and his passenger, had been arrested and could not drive the vehicle, a BPD policy existed governing impounding and conducting inventory searches of vehicles, officer testimony demonstrated compliance with that policy, and a meaningful inventory list resulted (see People v Morman, 145 AD3d 1435, 1436 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; People v [*2]Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; People v Owens, 39 AD3d 1260, 1261 [4th Dept 2007], lv denied 9 NY3d 849 [2007]). "The inventory search was not rendered invalid because the officers failed to secure and catalogue every item found in the vehicle" (Owens, 39 AD3d at 1261). We also reject defendant's contention that the People's reliance on one "unidentified page" as proof of BPD policy and procedure for inventory searches should be given no weight because it was presented to the court with no proof of origin. Even assuming, arguendo, that his contention was not effectively waived by trial counsel, we conclude that the one-page policy was clearly identified by the police officers as being part of the BPD's procedures manual.
We agree with defendant, however, that the court erred in refusing to suppress the evidence obtained from the diabetes bag pursuant to the inevitable discovery doctrine. The contents of the diabetes bag that defendant sought to suppress was the "very evidence" that was obtained as the "immediate consequence of the challenged police conduct" (People v Stith, 69 NY2d 313, 318 [1987]; see People v Garcia, 101 AD3d 1604, 1606 [4th Dept 2012], lv denied 20 NY3d 1098 [2013]), and thus the inevitable discovery doctrine is not applicable here (see Garcia, 101 AD3d at 1606). Nevertheless, the court's error in refusing to suppress the contents of the diabetes bag is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that the erroneously admitted evidence contributed to defendant's conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]; Garcia, 101 AD3d at 1606). Notably, there is no dispute that the methamphetamine that formed the basis for the criminal possession counts was not found in the diabetes bag and, instead, was found during the valid inventory search.
Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [2]) because defendant made only a general motion for a trial order of dismissal related to those counts (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient with respect to those counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of those counts as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally id. at 348-349; Bleakley, 69 NY2d at 495).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court