People v Gorton (2021 NY Slip Op 03708)





People v Gorton


2021 NY Slip Op 03708


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


452 KA 17-02227

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMSON C. GORTON, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Matthew J. Doran, A.J.), rendered October 16, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree
(§ 265.01 [2]). Defendant's conviction stems from his conduct in stabbing his housemate (victim) with a knife after the victim confronted defendant and accused him of stealing his property. We reject defendant's contention that the evidence is legally insufficient to establish his intent to cause serious physical injury. It is well settled that " '[a] jury is entitled to infer that a defendant intended the natural and probable consequences of his
acts' " (People v Barboni, 21 NY3d 393, 405 [2013]; see People v Manigault, 145 AD3d 1428, 1429 [4th Dept 2016], lv denied 29 NY3d 950 [2017]). Here, defendant stabbed the victim in the abdomen with a hunting knife that lacerated the victim's stomach and liver and even broke off the tip of a rib. We conclude that "the natural and probable consequence of defendant's conduct in thrusting a knife four inches into the victim's torso is, at a minimum, serious physical injury" (People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; see People v Collins, 43 AD3d 1338, 1338 [4th Dept 2007], lv denied 9 NY3d 1005 [2007]; see also People v Smajlaj, 160 AD3d 455, 456 [1st Dept 2018], lv denied 31 NY3d 1121 [2018]).
We also reject defendant's contention that the evidence is legally insufficient to establish that his actions were not justified. County Court instructed the jury on justification in defense of a person and in defense against a robbery (see Penal Law § 35.15 [2] [a], [b]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the People disproved the defense of justification beyond a reasonable doubt (see People v Allen, 36 NY3d 1033, 1034 [2021]; Manigault, 145 AD3d at 1429; People v Brooks, 139 AD3d 1391, 1393 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]). With respect to defendant's purported justification in defense of a person, the People established that defendant did not actually believe that the victim was using or about to use deadly physical force against him and that a reasonable person in defendant's position would not have so believed (see § 35.15 [2] [a]; see generally People v Wesley, 76 NY2d 555, 559-560 [1990]; People v Butera, 23 AD3d 1066, 1068 [4th Dept 2005], lv denied 6 NY3d 774 [2006], reconsideration denied 6 NY3d 832 [2006]). The victim was not carrying a weapon, and defendant did not testify that he believed that the victim was doing so. There was simply no evidence for the jury to conclude that defendant believed that the victim was using or about to use deadly physical force. With respect to defendant's purported justification in the context of a robbery, "[t]here was no credible evidence that defendant reasonably believed that the victim was committing or attempting to [*2]commit a robbery" (People v Cardamone, 287 AD2d 407, 407 [1st Dept 2001], lv denied 97 NY2d 702 [2002]; see People v Patterson, 176 AD3d 1637, 1639 [4th Dept 2019], lv denied 34 NY3d 1080 [2019]; see also People v Green, 32 AD3d 364, 365 [1st Dept 2006], lv denied 7 NY3d 902 [2006]). Although the victim testified that he told defendant to drop the bags that he was carrying, the victim gave no indication that he was about to use force to take the property (see §§ 35.15 [2] [b]; 160.00).
Viewing the evidence in light of the elements of assault in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that the indictment should be dismissed because the prosecutor failed to instruct the grand jurors on the justification defense in the context of a robbery. There was no reasonable view of the evidence before the grand jury to support that justification defense (see People v Forde, 140 AD3d 1085, 1087 [2d Dept 2016], lv denied 28 NY3d 929 [2016]; People v Torres, 252 AD2d 60, 65 [1st Dept 1999], lv denied 93 NY2d 1028 [1999]; see generally People v Ball, 175 AD3d 987, 988 [4th Dept 2019], affd 35 NY3d 1009 [2020]). Defendant did not testify before the grand jury, and his statement to the police that was admitted in evidence before the grand jury was equivocal and vague on the issue whether he believed the victim was attempting to rob him.
Defendant contends that, during the trial, the court erred in not giving an expanded charge on the justification defense in the context of a robbery to explain that a person, i.e., the victim, may not use force to recover property allegedly owned by him under a good-faith claim of right (see generally People v Reid, 69 NY2d 469, 475 [1987]). The court used the standard jury charges on justification in the defense of a person and justification in the context of a robbery as set forth in the Criminal Jury Instructions, and the court's charge set forth the governing law (see People v Acevedo, 118 AD3d 1103, 1107 [3d Dept 2014], lv denied 26 NY3d 925 [2015]). The court did not err in declining to use the expanded charge that was suggested by defendant (see id.; People v Dunlap, 51 AD3d 943, 944 [2d Dept 2008], lv denied 10 NY3d 958 [2008]; People v Van Billiard, 277 AD2d 958, 958 [4th Dept 2000], lv denied 96 NY2d 788 [2001]). The victim did not testify that he used any force, physical or verbal, in an attempt to have defendant return what the victim believed were his belongings, and there was therefore no need for the court to explain to the jury that the victim would not have been able to use force under a good-faith claim of right to the property.
Defendant's contention that he was punished for exercising his right to trial is unpreserved (see People v Tetro, 181 AD3d 1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). In any event, that contention is without merit inasmuch as "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (id. [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court