People v Ramos-Carrasquillo (2021 NY Slip Op 04873)





People v Ramos-carrasquillo


2021 NY Slip Op 04873


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


615 KA 18-01532

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISRAEL RAMOS-CARRASQUILLO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 23, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We affirm.
We reject defendant's contention that Supreme Court erred in refusing to suppress physical evidence seized following a search of his residence by his parole officers and members of the Syracuse Police Department (SPD). The search conducted by the parole officers was lawful because it was " 'rationally and reasonably related' " to the parole officers' duties and was not "merely a 'conduit' for doing what [SPD] could not do otherwise" (People v Escalera, 121 AD3d 1519, 1520 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]; see People v Sapp, 147 AD3d 1532, 1533-1534 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Mackie, 77 AD2d 778, 779 [4th Dept 1980]). Here, there was no evidence that defendant's parole officers were acting as agents of SPD. The testimony at the suppression hearing established that the parole officers were aware that SPD was investigating defendant but did not know about the warrant for his arrest, that they conducted a compliance check of defendant's residence only to ensure that he did not have a weapon at home, and that they were not seeking evidence to aid SPD in its investigation. We further conclude, based on the totality of the circumstances, that defendant voluntarily consented to the search of his bedroom by SPD. Although defendant was being detained at the time, there was no evidence that SPD employed threats or other forms of coercion to obtain his verbal consent, defendant had prior dealings with the police, and he did not resist the police but instead actively cooperated with them (see People v Fioretti, 155 AD3d 1662, 1663-1664 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). SPD also obtained written consent to search the residence from an individual who "possesse[d] the requisite degree of authority and control over the premises" (People v Kerr, 166 AD3d 806, 807 [2d Dept 2018], lv denied 32 NY3d 1206 [2019]).
We also reject defendant's contention that the court should have suppressed his written statement to SPD, in which he admitted to ownership of the drugs obtained during the search. Defendant made the statement after he waived his Miranda rights and, under the totality of the circumstances, there is no indication on the record that the statement was not voluntary (see People v Holland, 126 AD3d 1514, 1514-1515 [4th Dept 2015], lv denied 25 NY3d 1165 [2015]; People v Topolski, 28 AD3d 1159, 1160 [4th Dept 2006], lv dismissed 6 NY3d 898 [2006], lv [*2]denied 7 NY3d 764 [2006], reconsideration denied 7 NY3d 795 [2006]; People v May, 263 AD2d 215, 219 [3d Dept 2000], lv denied 94 NY2d 950 [2000]). Indeed, it appears that defendant understood the Miranda warnings read to him and that he was eager to cooperate.
We further conclude that defendant failed to preserve for our review his contention that the court erred in admitting the testimony of the forensic chemist (see CPL 470.05 [2]; see also People v De La Rosa, 162 AD2d 698, 698 [2d Dept 1990]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given the uncontested evidence that defendant directed SPD to the garbage bag containing cocaine found in his bedroom, that he admitted in a statement to SPD that he took full responsibility for and ownership of all the drugs recovered by the police, and that his fingerprints were found on a scale and bags containing cocaine found at the residence. Furthermore, the uncontested evidence of the forensic chemist established that the substances recovered at defendant's residence were cocaine. Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.).
We also reject defendant's contention that the court penalized him for asserting his right to a trial. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial," and here there is "no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to trial" (People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017] [internal quotation marks omitted]; see People v Warmley, 179 AD3d 1537, 1539 [4th Dept 2020], lv denied 35 NY3d 945 [2020]).
Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court