People v David (2022 NY Slip Op 05634)

People v David

2022 NY Slip Op 05634

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

698 KA 18-01098

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARLOS L. DAVID, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 26, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress two handguns found in the center console of the vehicle he had operated because the guns were recovered during an unlawful inventory search. We reject defendant's contention. " 'Following a lawful arrest of the driver of an automobile that must then be impounded, the police may conduct an inventory search of the vehicle' " (People v Nichols, 175 AD3d 1117, 1119 [4th Dept 2019], lv denied 34 NY3d 1018 [2019], quoting People v Johnson, 1 NY3d 252, 255 [2003]). Here, the suppression hearing testimony established that it is the policy of the Rochester Police Department to tow a vehicle and conduct an inventory search when, following a traffic stop, there is no licensed driver present. Defendant had no valid driver's license and he was the sole occupant of the vehicle. Thus, the police properly decided to tow it (see People v Hayden-Larson, 179 AD3d 1549, 1550 [4th Dept 2020], lv denied 35 NY3d 970 [2020]; People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]). The record does not give rise to the inference that "the [corresponding] inventory search was a mere pretext to uncover incriminating evidence; rather, the testimony established that the [officer]'s 'intention for the search was to inventory the items in the vehicle' " prior to having it towed (People v Morman, 145 AD3d 1435, 1436 [4th Dept 2016], lv denied 29 NY3d 999 [2017], quoting People v Padilla, 21 NY3d 268, 273 [2013], cert denied 571 US 889 [2013]; see People v Tardi, 28 NY3d 1077, 1078-1079 [2016]). We therefore conclude that the inventory search was valid and the court properly refused to suppress the physical evidence recovered from the vehicle (see Nichols, 175 AD3d at 1119; People v Huddleston, 160 AD3d 1359, 1360-1361 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; Wilburn, 50 AD3d at 1618).
Defendant failed to preserve for our review his further contention that he was denied a fair trial based upon the cumulative effect of improper remarks during the prosecutor's summation (see generally People v Britt, 34 NY3d 607, 616 [2019]; People v Shire, 77 AD3d 1358, 1359 [4th Dept 2010], lv denied 15 NY3d 955 [2010]). In any event, we conclude that none of the alleged improper remarks were so pervasive or egregious, individually or cumulatively, as to deprive defendant of a fair trial (see People v Lundy, 165 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
We do not address defendant's contention that reversal is required pursuant to People v O'Rama (78 NY2d 270 [1991]) inasmuch as defense counsel withdrew that contention at oral [*2]argument of this appeal. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court