People v Williams (2023 NY Slip Op 01443)

People v Williams

2023 NY Slip Op 01443

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

984 KA 19-01443

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HENDERSON L. WILLIAMS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 15, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant contends that Supreme Court erred in refusing to suppress physical evidence, specifically a gun. We reject that contention. The evidence at the suppression hearing established that the police lawfully stopped defendant's vehicle after they observed him violate a provision of the Vehicle and Traffic Law by failing to stop at a stop sign (see People v Ricks, 145 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; see generally Vehicle and Traffic Law § 1172 [a]; People v Robinson, 97 NY2d 341, 349-350 [2001]; People v Addison, 199 AD3d 1321, 1321-1322 [4th Dept 2021]). During the ensuing traffic stop, the police learned, by accessing a Department of Motor Vehicles database, that defendant had a suspended driver's license.
Defendant contends that the court erred in refusing to suppress the gun because it was recovered during an unlawful inventory search of the vehicle he was driving. We reject that contention. "[W]here a vehicle has been lawfully impounded, the inventory search itself must be conducted pursuant to 'an established procedure' that is related 'to the governmental interests it is intended to promote' and that provides 'appropriate safeguards against police abuse' " (People v Walker, 20 NY3d 122, 126 [2012], quoting People v Galak, 80 NY2d 715, 716 [1993]; see People v Tardi, 122 AD3d 1337, 1338 [4th Dept 2014], affd 28 NY3d 1077 [2016]). "While incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (People v Johnson, 1 NY3d 252, 256 [2003]). The evidence at the suppression hearing established that it is the policy of the Buffalo Police Department (BPD) to tow a vehicle in its control whenever, inter alia, it is necessary to safeguard the vehicle and its contents from damage or theft, the vehicle presents a hazard or inconvenience to the public, or the vehicle is not drivable and the owner is unable to make arrangements for immediate private towing. Here, the police properly decided to tow and impound defendant's vehicle because there was no licensed driver present, the vehicle was illegally parked in a way that impeded the flow of traffic, and the vehicle's owner—a rental car company—was not available to make immediate arrangements for private towing of the vehicle (see People v David, 209 AD3d 1276, 1277 [4th Dept 2022]; People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]).
We further conclude that the suppression hearing testimony established that "the police [*2]followed the procedure set forth in the applicable [policy] of the [BPD] in conducting the inventory search" (People v Nesmith, 124 AD3d 1325, 1326 [4th Dept 2015], lv denied 26 NY3d 1042 [2015]; see Wilburn, 50 AD3d at 1618; People v Scott, 210 AD2d 920, 921 [4th Dept 1994], lv denied 85 NY2d 942 [1995]). The BPD policy provided, in relevant part, that during an inventory search, the police could inspect unlocked trunks as well as any unlocked or unsealed containers found in the vehicle. Here, the police reasonably acted in compliance with that policy when, during the inventory search, they opened a zipped backpack found in the trunk to ensure that no valuables were contained therein (see generally Colorado v Bertine, 479 US 367, 369 [1987]). The contents of the zipped backpack were readily accessible by anyone who opened the trunk, which itself could be readily opened from inside the passenger compartment, and therefore opening the bag was necessary for the police to fulfill the purpose of BPD's policy to safeguard the contents of impounded vehicles from damage or theft.
We conclude that the court did not err in refusing to suppress statements made by defendant to the police following his arrest. The record supports the court's determination that defendant was advised of his Miranda rights, that he waived those rights, and that his statements were voluntary (see People v Wurthmann, 26 AD3d 830, 831 [4th Dept 2006], lv denied 7 NY3d 765 [2006]). The court's determination that defendant's statements were made voluntarily is entitled to deference (see People v Prochilo, 41 NY2d 759, 761 [1977]), and we perceive no basis on this record to disturb that determination. We reject defendant's contention that testimony elicited on cross-examination undermined the conclusion that his statements were made voluntarily; defendant did not supply a "bona fide factual predicate in support of his conclusory speculation that his statement[s were] coerced" (People v Wilson, 120 AD3d 1531, 1533 [4th Dept 2014], affd 28 NY3d 67 [2016], rearg denied 28 NY3d 1158 [2017]; see People v Rapley [appeal No. 1], 59 AD3d 927, 927 [4th Dept 2009], lv denied 12 NY3d 858 [2009]).
Finally, we have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court