People v Pringle (2024 NY Slip Op 03961)

People v Pringle

2024 NY Slip Op 03961

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

432 KA 22-00972

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AHMAD PRINGLE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
AHMAD PRINGLE, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 25, 2022. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]), criminal possession of a firearm (§ 265.01-b [1]), and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends in his main and pro se supplemental briefs that County Court erred in refusing to suppress evidence recovered from a compartment behind the dashboard of the vehicle he was driving because the items were recovered during an unlawful search that exceeded the permissible scope of the inventory search policy of the Onondaga County Sheriff's Office (OCSO). We reject that contention.
The evidence at the suppression hearing established that the deputy sheriff who conducted the inventory search "followed the procedure set forth in the applicable [policy] of the [OCSO] in conducting [that] search" (People v Williams, 214 AD3d 1395, 1396 [4th Dept 2023], lv denied 40 NY3d 931 [2023] [internal quotation marks omitted]; see People v Nesmith, 124 AD3d 1325, 1326 [4th Dept 2015], lv denied 26 NY3d 1042 [2015]). The policy provided, in relevant part, that during an inventory search, a deputy was to inspect all compartments of a vehicle to locate any items inside it and take note of existing damage to the vehicle and its contents in order to protect the owner's and occupants' property and shield the deputy and the OCSO from liability. The deputy here reasonably acted in compliance with that policy when, during the inventory search, he noticed that a dashboard panel for the headlight control knob was not flush with the rest of the dashboard, and he touched the knob in order to inspect it for damage. The panel was loose and fell out upon the deputy making contact with it, revealing an open compartment behind the dashboard. The deputy used a flashlight while looking into the compartment and found, inter alia, a pistol and numerous glassine envelopes containing a tan powdery substance. Inspection of the headlight control knob and the compartment behind the dashboard was reasonable (see generally People v Padilla, 21 NY3d 268, 273 [2013], cert denied 571 US 889 [2013]; People v Morman, 145 AD3d 1435, 1436 [4th Dept 2016], lv denied 29 NY3d 999 [2017]) and necessary for the deputy to fulfill the purposes of the policy to protect the property of the vehicle owner and occupants and to insulate himself and the OCSO from liability (see Williams, 214 AD3d at 1396).
Defendant failed to preserve for our review his contention in his main brief that the OCSO policy on inventory searches is unconstitutional because it does not sufficiently limit the discretion of searching deputies (cf. People v Douglas, 40 NY3d 385, 387 [2023]; People v Tardi, 122 AD3d 1337, 1337 [4th Dept 2014], affd 28 NY3d 1077 [2016]; People v Rivera, 60 AD3d 1390, 1391 [4th Dept 2009], lv denied 13 NY3d 799 [2009]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further failed to preserve for our review his contention in his main brief that, because the plea offer that the People extended prior to the suppression hearing was no longer available after the hearing and the court's plea offer required a lengthier term of imprisonment, the court penalized him for challenging the legality of the inventory search (see generally People v Olds, 36 NY3d 1091, 1092 [2021]; People v Wilson, 197 AD3d 984, 985 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]; People v Gorton, 195 AD3d 1428, 1430 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]). In any event, there is no evidence that the court offered defendant a lengthier sentence than the one that the People offered prior to the hearing solely as a penalty for pursuing the hearing (see generally Olds, 36 NY3d at 1092; Gorton, 195 AD3d at 1430). Moreover, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions in his main brief and conclude that none requires reversal or modification of the judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court