People v Dozier (2025 NY Slip Op 02702)

People v Dozier

2025 NY Slip Op 02702

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

377 KA 21-01819

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PLUSH DOZIER, ALSO KNOWN AS PLUSH KEVIN DOZIER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered December 13, 2021. The judgment convicted defendant upon a jury verdict of arson in the first degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the first degree (Penal Law § 150.20 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), arising from an incident where defendant allegedly set fire to both his romantic partner (victim) and her residence in an unsuccessful attempt to kill her. We affirm.
Defendant contends that County Court erred in refusing to suppress certain statements he made to the police at the scene of the fire prior to his arrest because he was in custody and had not yet been administered Miranda warnings. We reject that contention. As the court properly determined, at the time in question, "a reasonable person in defendant's position, innocent of any crime, would not have believed that [they were] in custody, and thus Miranda warnings were not required" (People v Gladney, 235 AD3d 1255, 1256 [4th Dept 2025] [internal quotation marks omitted]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Specifically, at the time he made the inculpatory statements, defendant would not have reasonably believed that he was in custody inasmuch as he initiated contact with the police on the street, requested a pat-frisk, explained that he thought he should go to the police station, and responded to questions of an investigatory nature (see People v Duda, 45 AD3d 1464, 1466 [4th Dept 2007], lv denied 10 NY3d 764 [2008]; see also People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied 580 US 920 [2016]).
We also reject defendant's contention that the court erred in refusing to suppress certain statements he subsequently made to the police during the booking process. Initially, defendant's contention that the illegality of his initial statements to the police tainted the statements made during booking is unpreserved for our review (see CPL 470.05 [2]; People v DiLenola, 245 AD2d 1132, 1133 [4th Dept 1997]). In any event, we conclude that our determination regarding defendant's pre-Miranda statements—i.e., the ones made prior to his arrest—disposes of that contention (see People v Waggoner, 218 AD3d 1221, 1225 [4th Dept 2023], lv denied 40 NY3d 1082 [2023], reconsideration denied 41 NY3d 967 [2024]; People v Robinson, 174 AD3d 1490, 1491 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; Spirles, 136 AD3d at 1316).
We further reject defendant's preserved contention that the statements made at booking should have been suppressed because they were allegedly made in response to a question that was reasonably likely to elicit an incriminating response. We note that, by the time the [*2]challenged statements were made, defendant had been advised of and waived his Miranda rights, and there is nothing in the record to suggest that the statements were involuntary (see People v Williams, 214 AD3d 1395, 1397 [4th Dept 2023], lv denied 40 NY3d 931 [2023]). Moreover, defendant initiated the conversation in question, and the statements and questions asked by the police in response were not reasonably likely to "induce, provoke, or encourage defendant to make an incriminating statement" (Waggoner, 218 AD3d at 1225).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given defendant's confession to the underlying crimes, which consisted of statements establishing both that he started the fire in the victim's home and that, in doing so, he intended to kill the victim (see People v Ramos-Carrasquillo, 197 AD3d 1000, 1002 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]; People v Quinones, 174 AD3d 1514, 1515 [4th Dept 2019], lv denied 34 NY3d 983 [2019]). Additionally, other evidence at trial corroborated the relevant statements in defendant's confession, particularly with respect to whether he was the person who set fire to the victim's residence. Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; see Ramos-Carrasquillo, 197 AD3d at 1002). To the extent that defendant asserts that the verdict is against the weight of the evidence because in her statements the victim denied that defendant started the fire, we note that the victim also stated that she did not know what happened or even how the fire started.
Defendant contends that he was denied his right to a public trial when the court closed the courtroom due to protocols imposed during the COVID-19 pandemic because those protocols were not narrowly tailored to ensure his right to a public trial and because the court did not execute a proper alternative to the closure of the courtroom. We conclude that those contentions are not preserved inasmuch as defendant did not raise them before the trial court and he did not request a Hinton hearing on the issue (see People v Everson, 158 AD3d 1119, 1123 [4th Dept 2018], lv denied 31 NY3d 1081 [2018], reconsideration denied 31 NY3d 1147 [2018], cert denied 586 US 1198 [2019]; People v Legere, 81 AD3d 746, 751 [2d Dept 2011]; see generally People v Hinton, 31 NY2d 71, 73-76 [1972], cert denied 410 US 911 [1973]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
As defendant correctly concedes, his contention that he was deprived of a fair trial due to instances of prosecutorial misconduct during the prosecutor's opening statement and summation is unpreserved because defense counsel did not object to any of the purportedly improper comments (see CPL 470.05 [2]; People v Reynolds, 211 AD3d 1493, 1494 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Miller, 115 AD3d 1302, 1303 [4th Dept 2014], lv denied 23 NY3d 1040 [2014]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's further contention, defense counsel's failure to object to the prosecutor's remarks did not deprive defendant of effective assistance of counsel (see People v Williams, 228 AD3d 1249, 1250 [4th Dept 2024]; People v Fick, 167 AD3d 1484, 1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]).
Defendant also contends that he was deprived of effective assistance of counsel because defense counsel failed to pursue a psychiatric defense at trial. We reject that contention. Contrary to defendant's assertion, this case is not like People v Oliveras (21 NY3d 339 [2013]) inasmuch as here the record is devoid of evidence that defense counsel failed to investigate the facts of the case as they pertained to defendant's psychiatric condition. Instead, we conclude that such assertion is "based on matters outside the record on appeal, [and] must be raised by way of a motion pursuant to CPL article 440" (People v Lane, 160 AD3d 1363, 1365 [4th Dept 2018] [internal quotation marks omitted]; see also People v Greenfield, 167 AD3d 1060, 1063-1064 [3d Dept 2018], lv denied 32 NY3d 1204 [2019]).
Defendant also contends that defense counsel was ineffective in deciding not to pursue a psychiatric defense before the completion of court-ordered CPL article 730 evaluations. The purpose of an article 730 evaluation is to determine whether the defendant, "as a result of mental disease or defect[,] lacks capacity to understand the proceedings against [them] or to assist in [*3][their] own defense" (CPL 730.10 [1] [emphasis added]). In other words, CPL article 730 evaluations assess defendant's current competency to proceed to trial, not defendant's mental state at the time he committed the underlying crimes. Consequently, any psychiatric defense predicated on the results of article 730 evaluations had little or no chance of success (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v King, 229 AD3d 1173, 1173 [4th Dept 2024], lv denied 42 NY3d 1080 [2025]).
To the extent defendant contends that defense counsel was otherwise ineffective in declining to pursue a psychiatric defense at trial, we conclude that defendant failed to establish the absence of strategic or other legitimate explanations for those alleged shortcomings (see generally People v Baker, 14 NY3d 266, 270-271 [2010]; People v Benevento, 91 NY2d 708, 712 [1998]). In any event, "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, the sentence is not unduly harsh and severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court